IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**STEVEN ARNOLD AND**
**DAWANA ARNOLD** **PLAINTIFFS**

**VERSUS** **CIVIL ACTION NO. 2:09cv205KS-MTP**

**BROOKWAY CORPORATION d/b/a**
**PAUL BARNETT NISSAN** **DEFENDANT**

## ORDER

This matter is before the court on Motion for Default Judgment and for assessment of damages **[#9]** filed on behalf of the plaintiffs against the only remaining defendant, Brookway Corporation d/b/a Paul Barnett Nissan. The court reviewed the motion, the pleadings and exhibits on file and conducted a hearing on the motion in open court on May 6, 2010. The court now finds that the motion is not well taken and should be denied. The court specifically finds as follows:

The original complaint in this matter was filed on September 30, 2009. The plaintiffs are residents of Pike County, Mississippi and the defendant is a Mississippi Corporation located in Brookhaven, Lincoln County, Mississippi. Under the venue rules of this court, this matter should have been filed in the Jackson Division. However, if that was the only problem, the court would nevertheless be permitted to proceed. However, at the hearing, the court examined the proof of service as to the defendant and discovered that such consisted of a Waiver of Service of Summons Form as set forth in

Rule 4 of the Federal Rules of Civil Procedure.  There is no other proof of service as to the defendant.

After examining the waiver, the court determined that it was not properly executed by the defendant but instead contained only the printed name on the left side "Paul Barnett."  On the right side, where the signature and address of the defendant party is required, was the signature and address of the plaintiffs' counsel.  Thus, the waiver was not properly executed in accordance with Rule 4, making it invalid.  Without a proper waiver, service is required, without which this court lacks jurisdiction to enter a default judgment.

The plaintiffs have the burden of proving the validity of service of process.  *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir.1990); *see also Kennedy v. BAE Systems Information Technology, Inc.*, 2010 WL 706496 (S.D. Miss. 2010).  They could have either obtained a waiver of process from the defendant, which they claimed to have, or served it with process (under either Federal or Mississippi law) as provided in the rules.  Fed.R.Civ.P. 4.  Service may be effected under federal law:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires, by also mailing a copy of each to the defendant.

Fed.R.Civ.P. 4(h)(1)(B).  A corporation "that is subject to service under [Federal] Rule 4(e) ... or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed.R.Civ.P. 4(d)(1).  If the waiver is not properly executed and returned, the plaintiffs must still effect service of process.

Fed.R.Civ.P. 4(h). The court has previously found that the waiver was ineffective since it was not properly executed and thus service was insufficient under federal law.

"Unless ... the defendant's waiver has been filed," service may be effected "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed.R.Civ.P. 4(e)(1), (h)(1). This court is of course located in Mississippi and service was attempted in Mississippi.

Neither Federal Rule 4(e)(1) nor (h)(1) provide for mail service and it is not clear to the court what method the plaintiffs used to effect service on the defendant since the only return is the waiver of service form. It appears the plaintiffs mailed the summons and complaint to the defendant since under Mississippi law, the plaintiffs may serve a domestic corporation by mail by mailing a copy of the complaint, summons, and "two copies of a notice and acknowledgment substantially conforming to Form 1-B," and a return prepaid envelope upon the corporation's officer, manager, general agent, or agent for service of process. Miss. R. Civ. P. 4(c)(3).

The notice and acknowledgment required by Mississippi Rule 4(c)(3) need only "substantially comply with Form 1-B." Form 1-B's Notice and Acknowledgment is nearly identical to the waiver which the plaintiffs have filed in this case as to the defendant. The only difference is that the one filed herein gave the defendant sixty days in which to return the form as opposed to the twenty days provided by Mississippi Rule 4(c)(3).

Therefore, the court finds that the Waiver they sent substantially complied with Form 1-B. However, "[i]f no acknowledgment of service ... is received by the sender within 20 days ... service may be made in any other manner permitted by this rule." Miss. R. Civ. P. 4(c)(3)(B), (D). In other words, "to accomplish service of process by

3

mail [under Mississippi Rule 4(c)(3) ], the defendant must return a properly executed acknowledgment to the plaintiff." *Tucker v. Williams*, 7 So.3d 961, 964 (¶ 12) (Miss.2009)(emphasis added). The court has found that the waiver filed was not properly executed even though it was returned. In Mississippi, the rules regarding service of process are to be strictly construed. *Young v. Sherrod*, 919 So.2d 145, 149 (¶ 15) (Miss.Ct.App. 2005). Therefore, the service attempt is insufficient under Mississippi law as well pursuant to the dictates of MRCP 4(c)(3).

If service is not made within 120 days after the complaint is filed, the court "shall dismiss the action without prejudice to the plaintiff as to that defendant or direct that service be effected within a specified time." Fed.R.Civ.P. 4(m). The court may grant an extension of time, in its discretion, whether or not good cause is shown by the plaintiffs. *Henderson v. United States*, 517 U.S. 654, 662-63 (1996); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996). To establish good cause, a plaintiff is required to demonstrate at least excusable neglect. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir.1996). This does not include simple inadvertence, mistake, or ignorance of the law. *Id.*

A summons is not a mere formality but a requirement of the rules in order to begin the running of the necessary time periods which govern and control the course of litigation. Thus, a defendant cannot be required to appear and defend until he is properly served with the summons and the complaint. However, dismissal is not the only option. Improper or insufficient service presents the court with the quandary of whether the court should simply quash process or dismiss the complaint because "the court may use its discretion not to dismiss the action in those cases in which it is not

4

clear whether proper service has been made; the simplest solution in this situation is to quash process and allow plaintiff another opportunity to serve defendant." Wright & Miller, Federal Practice and Procedure: Civil 2d Section 1354.

The plaintiffs timely attempted service of process through both Federal Rule of Civil Procedure 4(d) and Mississippi Rule of Civil Procedure 4(c)(3). The defendant returned the waiver of process, which also serves to "substantially comply" with the notice and acknowledgment requirement of the Mississippi Rules of Civil Procedure. However, the waiver was not properly executed and thus service was insufficient under both federal and Mississippi law.

After a through review of this matter, the court finds that the defendant has not been properly served. The court, in its discretion can allow an extension of time to effect service of process and finds that same shall be allowed and grants thirty (30) days from the date of this Order to properly perfect process in this matter.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Default Judgment **[#9]** filed on behalf of the plaintiffs is denied and the Clerk's Entry of Default **[#10]** is set aside.

IT IS FURTHER ORDERED AND ADJUDGED that the plaintiffs are granted thirty (30) days from the date of this Order to perfect service on the defendant Brookway Corporation d/b/a Paul Barnett Nissan.

SO ORDERED AND ADJUDGED this the 10th day of May, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE